UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Chong W.V.,

        Petitioner,

v.

Kristi Noem, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

        Respondents.

Civ. No. 26-1622 (JWB/DTS)

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

---

Daniel P. Suitor, Esq., Daniel P. Suitor, PLLC, counsel for Petitioner.

David W. Fuller, Esq., and Jesus Cruz Rodriguez, Esq., United States Attorney's Office, counsel for Respondents.

---

      Petitioner Chong W.V. seeks a writ of habeas corpus under 28 U.S.C. § 2241 and challenges his re-detention after he was released from immigration custody on an Order of Supervision ("OSUP") more than 21 years ago. Petitioner contends that Respondents lacked the regulatory authority to revoke his release and failed to comply with mandatory procedures governing re-detention.

      Petitioner does not challenge the validity of his removal order or the government's decision to commence removal proceedings. He challenges only the lawfulness of his re-detention considering the statutory and regulatory limits that govern the Department of

Homeland Security's ("DHS") custody authority. Thus, this Court has jurisdiction under 28 U.S.C. § 2241.

Because Respondents failed to satisfy the regulatory requirements authorizing re-detention, the Petition is granted to the extent it seeks Petitioner's release.

## BACKGROUND

Petitioner Chong W.V. is a Hmong refugee from Laos who was ordered removed from the United States after serving sentences for two criminal convictions. (Doc. No. 1, Petition ¶¶ 2, 15, 25–26; Doc. No. 6-3 at 1.) He was detained by Immigration and Customs Enforcement ("ICE") on January 20, 2004, and issued a Notice to Appear.[1] (Doc. No. 6-1 at ¶ 7.) On March 11, 2004, an immigration judge ordered Petitioner's removal.[2] (Ex. C at 1; Petition ¶ 26; Doc. No. 6-8.) But because Laos has historically refused to accept Hmong deportees, Petitioner—like many other Hmong refugees with final removal orders—was released on an OSUP on January 25, 2005. (Petition ¶¶ 2, 25–26; Doc. No. 6 at 3; Doc. No. 6-8.) He had been in ICE custody for 364 days. (Doc. No. 6-8.)

In 2009, Petitioner was sentenced to one year in prison for felony failure to register as a predatory offender. (Petition ¶ 25.) Since 2009, Petitioner has remained law-

---

[1] Respondents state that Petitioner was served with a Notice to Appear in May 2016 (Doc. No. 6 at 2) but the Notice of Revocation of Release notes that Petitioner's Notice to Appear was issued on January 27, 2004. (Doc. No. 6-4.)

[2] Respondents claim that Petitioner was ordered removed in 2020 (Doc. No. 6 at 2) but the Notice of Revocation notes that Petitioner was ordered removed on March 11, 2004. (Doc. No. 6-4.)

2

abiding—aside from several traffic or parking offenses—and has complied with all conditions of his OSUP. (*Id.* ¶¶ 2, 25.)

On December 16, 2026, ICE agents arrested Petitioner at his workplace. (*Id.* ¶¶ 5, 15, 28; Doc. No. 6 at 2; Doc. No. 6-1 at ¶ 16.) At the time of arrest, he was not presented with a warrant or any other paperwork, such as a formal notification of the revocation of his OSUP or travel documents for his removal. (Petition ¶¶ 5–6, 29–30.)

Respondents conducted an initial informal interview of Petitioner on December 16, 2026. (Doc. No. 6-5, Ex. E.) On December 19, 2025—three days after arresting Petitioner—Respondents submitted a travel document request and the Lao People's Democratic Republic issued the travel document on January 30, 2026. (Doc. No. 6 at 1–3; Doc. No. 6-1 at ¶ 17; Doc. No. 6-2.) According to Respondents, Petitioner "will soon be deported in a charter flight to Laos." (Doc. No. 6 at 1.) Petitioner is currently detained at the Freeborn County Jail in Albert Lea, Minnesota. (Petition ¶ 10; Doc. No. 6-8.)

## DISCUSSION

### I.   Legal Standard

A writ of habeas is available where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Federal courts have jurisdiction to consider § 2241 petitions challenging continued detention following a final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). The petitioner bears the burden of establishing unlawful detention by a preponderance of the evidence. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

## II.   Analysis

### A.   The Government's Authority to Re-Detain a Noncitizen Released Under 8 C.F.R. § 241.13.

The government's authority to detain a noncitizen subject to a final order of removal is limited. Detention beyond the removal period is lawful only where removal is significantly likely to occur in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 699–701. When removal is not reasonably foreseeable, continued detention is not authorized, and release under supervision is required. *Id.* at 699.

DHS implemented the requirements of *Zadvydas* through regulations governing post-removal order custody determinations. *See* 8 C.F.R. §§ 241.4, 241.13. Under 8 C.F.R. § 241.13, ICE must release a noncitizen where removal is not reasonably foreseeable, and no special circumstances justify continued detention. Once a noncitizen has been released under § 241.13, ICE may revoke that release only in limited circumstances: a violation of supervised conditions or changed circumstances demonstrating a significant likelihood of removal in the reasonably foreseeable future. *Id.* § 241.13(i). ICE has the burden of establishing that changed circumstances exist to justify revoking release. *See, e.g.*, *Francis B. v. Crow Wing Cnty. Jail*, Civ. No. 26-1132 (JMB/DLM), 2026 WL 562726, at *2 (D. Minn. February 28, 2026) (listing cases).

Whether release is being revoked for violation of supervised conditions or changed circumstances, ICE must notify the noncitizen "of the reasons for revocation of his or her release." *Id.* § 241.13(i)(3). ICE must also conduct an initial informal interview soon after taking custody of the noncitizen. *Id.*

4

These limits are not discretionary. The government is bound to follow the regulations it has promulgated. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954) (holding that an agency is required to adhere to its own regulations).

**B.     Respondents Failed to Establish Changed Circumstances or a Significant Likelihood of Removal at the Time of Arrest**

Respondents do not contend that Petitioner violated the conditions of his OSUP. Re-detention therefore can be justified only upon a showing of changed circumstances demonstrating that removal is now significantly likely to occur in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2).[3]

Respondents claim that they arrested Petitioner because Laos had recently begun issuing travel documents and Petitioner had a final order of removal. (Doc. No. 6 at 2; Doc. No. 6-1 at ¶ 16.) They submit a Notice of Revocation of Release (the "Notice") and documentation that the Notice was served on Petitioner on December 16, 2025, at the "SPM Field Office." (Doc. No. 6-4.) The name of the ICE agent who served the Notice is redacted and no time of service is specified. (*Id.* at 2.)

The Notice states that the decision to revoke Petitioner's release was "on account of changed circumstances in your case" and because "ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable future in your case." (*Id.*) The Notice goes on to repeat that "[s]ince being released, removal from the U.S. is now

---

[3]     Respondents rely on 8 U.S.C. § 1231(h) to argue that Petitioner cannot try to raise a procedural challenge. (Doc. No. 6 at 13.) Section 1231(h) does not create procedural rights. But that does not mean that a noncitizen cannot challenge unauthorized detention under 28 U.S.C. § 2241, as Petitioner does here. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

significantly likely in the reasonably foreseeable future. Based on changed circumstances in your case you will be brought back into ICE custody." (*Id.*)

Petitioner was arrested and served with the Notice on December 16, 2026. On that date, Respondents' reason for detaining Petitioner was that "removal from the U.S. is now significantly likely in the reasonably foreseeable future." (Ex. D at 1.) Respondents claim that this assessment was based on their awareness that Laos had begun issuing travel documents and accepting deportees. (Doc. No. 6 at 2–3, 10; Doc. No. 6-1 at ¶ 16.)

Respondents also argue that the travel document issued by the Laos government for Petitioner sufficiently demonstrates changed circumstances pursuant to § 241.13(i)(2). (Doc. No. 6 at 1–3, 13–14.) The problem is that Respondents did not seek this travel document until three days *after* they had already revoked Petitioner's release. And Respondents did not receive a travel document for Petitioner until another *six weeks after* the arrest. Respondents cannot arrest first and then attempt to justify detention after the fact. *See Vang v. Bondi*, Civ. No. 26-1381 (JMG/LDM), Doc. No. 10 at 4 (D. Minn. Feb. 18, 2026) ("The government detained the petitioner first, and asked questions later. That's not how this works.").

The question then turns to whether Respondents adequately notified Petitioner of the reasons for the revocation of his release. *See* 8 C.F.R. § 241.13(i)(3). Providing notice under § 241.13(i)(3) requires more than merely parroting the regulatory language that circumstances have changed. *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 781 (D. Minn. 2025). Conclusory or post-hoc notices do not satisfy the regulation. Respondents must

6

present specific facts, not conclusory assertions, that support its assessment that revocation is predicated on changed circumstances. *Id.* at 783–84 (listing cases).

The generic regulatory language in Petitioner's Notice does not provide any individualized explanation or confirmation of sufficient changed circumstances to justify re-detention. *See Francis B.*, 2026 WL 562726, at *2–3 (holding that individualized explanations, not boilerplate language, must be provided to demonstrate significant likelihood of removal in the future); *Faysal N. v. Noem*, Civ. No. 25-4641 (JMB/DLM), 2026 WL 36066, at *4 (D. Minn. Jan. 6, 2026) (same). The Notice recites the regulation but does not identify what has changed, why removal is now likely, or how removal would be accomplished. *See Liban O. v. Bondi*, Civ. No. 25-4560 (JWB/ECW), Doc. No. 10 at 7 (D. Minn. Dec. 17, 2025); *Yee S. v. Bondi*, 806 F. Supp. 3d 894, 901 (D. Minn. Oct. 9, 2025). Prior to or at the moment of arrest, Respondents failed to establish a significant likelihood of removal in the reasonably foreseeable future.

The Notice's failure to adequately notify Petitioner of the reasons for his re-detention also calls into question whether Respondents properly conducted the initial informal interview required by regulation. 8 C.F.R. § 241.13(i)(3). The interview is intended to give the noncitizen an opportunity to respond to the stated reasons for revocation, including the government's assertion that removal is now significantly likely to occur in the reasonably foreseeable future. *Id.*

But Petitioner cannot be expected to rebut or produce evidence that opposes nonspecific boilerplate language. The defective notice obstructed his ability "to respond to the reasons for revocation stated in the notification" because the notification did not

7

actually state any reasons for revocation. *See Osman*, Civ. No. 25-4560, Doc. 10 at 10. Thus, the initial informal interview conducted on December 16, 2026, could not have complied with the regulation. *See Sarail A.*, 803 F. Supp. 3d at 784 ("Because ICE provided insufficient Notice, it failed to comply with the subsequent procedural requirements as well."). This is not a technical defect. It is the mechanism the regulation provides to test whether the government's claim of changed circumstances is supported by evidence.

Where the government fails to comply with the procedural requirements governing re-detention, continued custody is not authorized. *See Accardi*, 347 U.S. at 268. Decisions applying § 241.13 to similar procedural records have treated the absence of notice and a meaningful initial interview as dispositive and ordered release. *See, e.g.*, *Sarail A.*, 803 F. Supp. 3d at 784; *Vang*, Civ. No. 26-1381, Doc. No. 10 at 4–7.

### III.   Relief

Because Respondents failed to comply with the substantive and procedural requirements governing re-detention under § 241.13, Petitioner's continued detention is unlawful. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (noting that release is the "typical remedy" for "unlawful executive detention"). Petitioner is entitled to immediate release subject to the conditions of his existing Order of Supervision.

The Petition also alleges that Petitioner's re-detention occurred against a broader backdrop of targeted detention of an "entire class of people, based on their race, ethnicity, and country of origin"—the Hmong community. (Petition ¶¶ 6, 23.) Petitioner contends that these circumstances reflect discriminatory or selective enforcement. (*See id.*) Those

allegations are not resolved here. This disposition rests on Respondents' failure to comply with the substantive and procedural requirements governing re-detention under § 241.13. Consequently, no determination is required as to motive, intent, or the constitutional claims advanced.

This Order does not bar future custody action taken in compliance with the governing law.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1.  Petitioner Chong W.V.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.

2.  **Release**. Respondents shall immediately release Petitioner from custody. He must be released in Minnesota subject to any conditions of his existing Order of Supervision. At the time of Petitioner's release, Respondents shall return to Petitioner all personal property in Respondents' custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. Release may not be delayed for any reason related to the retrieval, processing, or return of such property. Any delay or failure to effectuate release in accordance with this paragraph constitutes noncompliance with this Order.

If Petitioner is currently held outside Minnesota, Respondents shall immediately initiate Petitioner's return to Minnesota for the sole purpose of effectuating release. Respondents shall not delay initiation of return based on administrative convenience,

transportation availability, or detention-capacity considerations.

Upon Petitioner's arrival in Minnesota, Respondents shall effectuate release forthwith. If, at the time release would otherwise occur, weather conditions would expose Petitioner to extreme cold or other reasonably dangerous conditions, Respondents may delay physical release only for the brief period necessary to effectuate release in a safe manner. Respondents shall employ the earliest reasonably available safe means of release and may not delay release where a safe option is available. Any such delay must be strictly limited and must not be used to justify continued custody, supervision, or discretionary release authority.

3. **Notice.** Respondents shall file an update on the status of Petitioner's release by 10:56 a.m. on March 11, 2026. In the update, Respondents must confirm the time, date, and location of the release or anticipated return and release. If Petitioner has been removed from Minnesota, Respondents must file a confirmation of the time, date, and location of release promptly upon Petitioner's arrival in Minnesota.

4. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. For the avoidance of doubt, Respondents' compliance with this Order requires Petitioner's immediate release in Minnesota without any newly issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions. Any

10

such conditions imposed at the time of Petitioner's release shall be considered null and void as inconsistent with this paragraph.

     5.     Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 9, 2026  
Time: 10:56 a.m.

*s/ Jerry W. Blackwell*  
JERRY W. BLACKWELL  
United States District Judge